09-2565-ag
Bateswar v. Holder

BIA
DeFonzo, IJ
A071 495 910

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
        ROGER J. MINER,
        ROBERT A. KATZMANN,
        BARRINGTON D. PARKER,
                *Circuit Judges.*

_____

RAMNATH BATESWAR,
        *Petitioner,*

        v.                                    09-2565-ag
                                              NAC
ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gregory Marotta, Vernon, N.J.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair O'Connor, Assistant
                       Director; Rachel Browning, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ramnath Bateswar, a citizen of Suriname, seeks review of a May 27, 2009, order of the BIA affirming the July 17, 2007, decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied Bateswar's application for asylum and withholding of removal.  *In re Ramnath Bateswar* No. A071 495 910 (B.I.A. May 27, 2009), *aff'g* No. A071 495 910 (Immig. Ct. N.Y. City July 17, 2007).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's finding that Bateswar failed to establish that he had suffered past persecution.  As the IJ found, Bateswar's March 1992 arrest

2

did not rise to the level of persecution.  *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (holding that the harm must be sufficiently severe, rising above "mere harassment").  Moreover, the arrest was unrelated to his discovery of weapons on a plane in Libya. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005)(holding that "an [asylum] applicant must establish a fear of reprisal 'on account of' having demonstrated opposition to the government policy").

The agency also reasonably determined that, even if Bateswar has established past persecution, conditions in Suriname had changed such that he could not establish a well-founded fear of future persecution because Colonel Bouterse no longer holds power.[1]  *See Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007)(stating that while a finding of past persecution establishes a presumption of future

---

[1] In fact, the 2009 U.S. State Department Human Rights Report for Suriname states that Colonel Bouterse is currently on trial for murders committed during his regime. 2009 U.S. State Department Human rights Report: Suriname, available at http://www.state.gov/g/drl/rls/hrrpt/2009/wha/136127.htm; *see Hoxhallari v. Gonzales*, 468 F.3d 179, 186 n.5 (2d Cir. 2006) (stating that the Court "may always exercise independent discretion to take judicial notice of any further changes in a country's politics that occurred between the time of the BIA's determination decision and our review").

3

persecution, this presumption can be rebutted if the government establishes a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the five grounds" (quoting 8 C.F.R. § 208.16(b)(1)).  Because Bateswar is unable to meet his burden of proof for asylum, his withholding of removal claim necessarily fails.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>

4